**Edry Yury Lopez LOPEZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 11–73394.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2012.*

Filed Sept. 14, 2012.

Scott Eric Bratton, Margaret Wong & Associates Co., LPA, Cleveland, OH, for Petitioner.

Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Edry Yury Lopez Lopez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an Immigration Judge's ("IJ") denial of her untimely motion to reopen her removal

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

proceedings sua sponte. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by upholding the IJ's denial of Lopez Lopez's motion to reopen where she filed the motion more than fourteen years after the IJ's February 22, 1996, decision, and did not assert that the filing deadline should be equitably tolled.

To the extent that Lopez Lopez challenges the agency's decision not to invoke its sua sponte authority to reopen proceedings, we lack jurisdiction to review such a challenge. *See Mejia–Hernandez v. Holder*, 633 F.3d 818, 823–24 (9th Cir.2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.